UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-21071-Civ-SCOLA/BANDSTRA

PAUL MARIN, and other similarly
situated individuals,

    Plaintiff,
vs.

LFH ACQUISITION CORP. d/b/a
Labor for Hire and VERON VOKUS,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION

In this suit for overtime pay in accordance with the Fair Labor Standards Act (FLSA), Defendants LFH Acquisition Corp. and its President, Vernon Vokus, move for summary judgment.[1] LFH argues that Plaintiff Paul Marin is exempt from the FLSA's overtime-pay provision under the administrative, executive, and outside-salesman exemptions. Because the Court concludes that there are genuine disputes of fact regarding whether these exemptions apply, LFH's summary-judgment motion (DE 16) is denied.

### BACKGROUND

LFH Acquisition Corp., which does business under the name Labor for Hire, provides temporary laborers to a variety of businesses, most of which are related to construction. (DE 19-1 at 1; DE 25-1 at 1.) The temporary workers are employees of LFH and are not employees of the businesses for which they provide services. (DE 19-1 at 1.) Each day, LFH hires temporary workers who show up at one of its branch locations and drives them to a business that has contracted with LFH for temporary laborers. LFH's temporary workers return at the end of the day to receive their pay.

LFH also employs permanent employees that work at the LFH offices. (DE 25-1 at 2; DE 25-2 at 14, 19.) They include a CFO, a controller, employees responsible for credit and

---

[1] For ease of reference, the Court refers to the parties collectively as LFH.

collections, workers-compensation-insurance employees, billing employees, salespeople, branch managers, assistants, van drivers, and the President, Vokus. Though the parties dispute exactly what Marin's job duties were, Marin was a permanent rather than a temporary employee. He worked for LFH from May 24, 2010 through June 18, 2010, when he was terminated. (DE 19-1 a 2.) He was rehired in July 2010 and worked until February 2012, when he was terminated again. (*Id.*) The Court will discuss Marin's relevant job duties in the analysis section.

Marin sued LFH in March 2012, alleging that he worked overtime for which he was not properly compensated. LFH moved for summary judgment.

## ANALYSIS

**1.   Summary-judgment standard**

Under Rule 56 of the Federal Rules of Civil Procedure, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). Rule 56 requires a court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) ("When the moving

party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

**2.      Is Marin exempt from the FLSA's overtime-pay provision?**

The FLSA's overtime-pay provision requires employers to pay an employee at least 1.5 times the employee's regular rate of compensation for all work exceeding 40 hours in one workweek. 29 U.S.C. § 207(a)(1). But if the employee is employed in a bona fide administrative, executive, or outside-salesman capacity, then the employee is exempt from the overtime-pay provision. *Id.* § 213(a)(1). These exemptions are narrowly construed against the employers asserting them and are applied to only those circumstances "plainly and unmistakably within their terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960); *Hogan v. Allstate Insurance Co.*, 361 F.3d 621, 625 (11th Cir. 2004). "The Act should be interpreted liberally in the employee's favor." *Birdwell v. City of Gadsden*, 970 F.2d 802, 805 (11th Cir. 1992). An employer must prove that an exemption applies "by clear and affirmative evidence." *Id.* (internal quotation marks omitted). To determine whether an employee is exempt, courts must look to the regulations promulgated by the Secretary of Labor. 29 U.S.C. § 213(a)(1). Whether an employee is exempt from the overtime-pay provision of the FLSA is a question of law. *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986).

LFH contends that Marin is exempt under the administrative, executive, and outside-salesman exemptions. The Court analyzes each exemption in turn.

### A.     *Administrative exemption*

An employee is an exempt administrative employee if the employee's (1) compensation is not less than $455 per week, (2) "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer," and (3) "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). "The term 'primary duty' means the principal, main, major or most important duty that the employee performs." *Id.* § 541.700(a). In determining whether an employee exercises the necessary discretion and independent judgment, the Court can consider factors such as

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

*Id.* § 541.202(b).

Because all three elements are required to satisfy the administrative exemption, LFH's failure to establish any element is fatal to its argument that Marin was an exempt administrative employee. In the present case, the Court need analyze only the third element (exercise of discretion and independent judgment) to conclude that there is a genuine factual dispute over whether Marin is an exempt administrative employee. The exercise of the necessary discretion and independent judgment must occur in the context of the employee's primary duty. *Id.* §§ 541.200(a)(3), 541.202(a). Because there is a factual dispute over whether Marin's primary duty was his sales activity, his asserted supervision of temporary employees, or his asserted

supervision of the van drivers,[2] LFH would need to establish that it is undisputed that Marin satisfies the third element with respect to each of these duties to prevail on summary judgment. But LFH does not even argue that Marin satisfies the third element with respect to sales and supervising the van drivers. (*See* DE 16 at 9-11; DE 28 at 1-6.)

Even if the Court ignored this problem, LFH's arguments would still fail to persuade. LFH argues that Marin exercised the requisite discretion and independent judgment in hiring temporary employees, deciding which temporary employees to send to which jobsite, and supervising temporary employees. (DE 16 at 10-11.) But Marin testified and averred that with regards to supervising employees, he merely reported irregularities and problems with temporary employees to his supervisors, who then decided what to do. (DE 25-1 at 4; DE 18-1 at 47.) He also testified and averred that he did not have independent authority to hire temporary employees and decide where to send them; at best, he helped his supervisors with these decisions. (DE 25-1 at 4; DE 18-1 at 26, 46-47, 52-54.) In fact, he testified that "[a]ny decision that I t[ook] at the branch had to be discussed with the branch manager," who Marin asserts was his direct supervisor. (DE 18-1 at 46.) The regulations reason that "[t]he exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision." 29 C.F.R. § 541.202(c). To be sure, an employee could exercise the necessary discretion and independent judgment even though the employee does not have authority to act independently, free from immediate supervision. *Id.* But the less authority an employee has to make an independent choice free from immediate supervision, the more likely it becomes that the employee does not exercise the necessary discretion and independent judgment. *See Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1129 (9th Cir. 2002) (reasoning that there were genuine issues of fact about whether the administrative exemption was met because the employee "testified that he had to call or otherwise communicate with [his supervisor] two to five times a day and that all but the smallest decisions were made by the supervisor"). This conclusion is supported by the Department of Labor's interpretation that "[a] high level of discretion and independent judgment is necessary to qualify for the exemption." Moreover, there are genuine issues of fact in the present case regarding the extent to which Marin was authorized to make decisions and the importance of those authorized decisions.

---

[2] Marin testified in his deposition and averred in his declaration that sales was his primary duty. (DE 18-1 at 30; DE 25-1 at 2.) Vokus essentially refused to take a position as to which duty was primary, arguing that all were important, depending on the circumstances. (*See* DE 25-2 at 9-11, 23, 32, 34-35.)

B.  *Executive exemption*

LFH's next argument—that Marin is an exempt executive employee—is even easier to dispatch.  One of the four requirements of this exemption is that the employee is someone "[w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight."  29 C.F.R. § 541.100(a)(4).  Marin testified and averred that he did not have authority to hire or fire employees.  (DE 25-1 at 4-6; DE 18-1 at 26, 31-32, 46-47, 51-54.)  And though Vokus testified that branch managers made suggestions to him about hiring, firing, and promoting permanent employees, he steadfastly refused to testify that he gave these recommendations particular weight.  (*See* DE 25-2 at 23-28.)  Besides, Marin testified and averred that his actual duties were not those of a branch manager, and that he reported and made suggestions to the branch managers, not Vokus.  (DE 25-1 at 2-4; DE 18-1 at 24, 31-32, 46-48, 54.)  So there are genuine issues of fact regarding the extent to which Marin could hire, fire, promote, or effectively recommend these actions.

C.  *Outside-salesman exemption*

LFH's final grounds for summary judgment—that Marin is an exempt outside salesman—is also unconvincing. An employee fits within this exemption only if, among other things, that employee's primary duty is (1) making sales within the meaning of the FLSA or (2) "obtaining orders or contracts for services . . . for which a consideration will be paid by the client or customer."  29 C.F.R. § 541.500(a)(1)(i-ii).  As noted above, there is a genuine dispute over whether Marin's primary duty was sales.  (*Compare* DE 18-1 at 30; DE 25-1 at 2 (Marin's primary duty was sales), *with* DE 25-2 at 9-11, 23, 32, 34-35 (Marin's duty may or may not have been sales).)  This alone precludes summary judgment because it must be undisputed that Marin's primary duty was sales for this exemption to apply.  But even setting that problem aside, LFH still cannot overcome the evidence that Marin did not do sales, but rather did promotional work to stimulate future sales that would be made by others.  (DE 25-1 at 2.)  The governing regulations expressly provide that the employee must actually make sales or obtain orders or contracts. 29 C.F.R. §§ 541.501(b), 501.503.  Promotional work is considered exempt work only if the employee's promotional work is designed to stimulate sales made by that employee; promotional work designed to stimulate sales by someone else is not exempt.  *Id.*; *Ruggeri v.*

*Boehringer Ingelhim Pharmaceuticals, Inc.*, 585 F. Supp. 2d 254, 262. These genuine factual disputes—namely, whether Marin actually made sales or obtained contracts and whether his promotional activities stimulated his own sales or the sales of others—preclude summary judgment on this ground.

## CONCLUSION

Because genuine issues of material fact remain, summary judgment is inappropriate. LFH's Motion (DE 16) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on January 7, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Designated U.S. Magistrate Judge*
*Counsel of record*